1  | JOSEPH P. RUSSONIELLO (CSBN 44332)
   | United States Attorney
2  |
3  | BRIAN J. STRETCH (CSBN 163973)
   | Chief, Criminal Division
4  | PETER B. AXELROD (CSBN 190843)
   | LAUREL BEELER (CSBN 187656)
5  | Assistant United States Attorneys
6  | 450 Golden Gate Avenue, Box 36055
   | San Francisco, California 94102
7  | Telephone: (415) 436-6774
   | Facsimile: (415) 436-7234
8  | E-Mail: Peter.Axelrod@usdoj.gov
   |         Laurel.Beeler@usdoj.gov
9  |
   | Attorneys for the United States of America
10 |
11 |                    UNITED STATES DISTRICT COURT
12 |                   NORTHERN DISTRICT OF CALIFORNIA
13 |                        SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,           )   No. CR 08-0433 CRB
                                    )
            Plaintiff,               )
                                    )   STIPULATION RE: ORDER OF
      v.                            )   FORFEITURE AND ENTRY OF
                                    )   FORFEITURE JUDGMENT
IN SOOK HA,                         )
      a/k/a Sister Park,            )
      a/k/a Park Onni,              )
      a/k/a Park,                   )
                                    )
            Defendant.              )
_____)

The United States of America, by and through Assistant United States Attorneys Peter B. Axelrod and Laurel Beeler, and defendant In Sook Ha, by and through his counsel Peter Goodman, hereby stipulate and agree to the following:

1. On July 2, 2008, the United States filed an information charging defendant Ha with a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) – Alien Harboring. The information also sought criminal forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A).

2. On July 9, 2008, defendant Ha pled guilty to the single count of the information

1 | charging her with alien harboring, in violation of Title 8, United States Code, Section
2 | 1324(a)(1)(A)(iii).

3.  As set forth in Paragraph 8 of the plea agreement, defendant Ha agreed to forfeit to the United States $609,840, the amount of proceeds defendant Ha earned from alien harboring, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

4.  Defendant Ha agrees to disclaim, waive and forfeit any interest in the funds recovered from Lee's Oriental Massage, 1284 Mission Street, San Francisco, California (Lee's), and she consents to entry of any orders to that effect.

5.  Accordingly, as a result of the conviction of the offense set forth above, and pursuant to Rule 32.2(b) of the Federal Rule of Criminal Procedures and Title 18, United States Code, Section 982(a)(6)(A), the parties stipulate that the Court should enter a money judgment against defendant Ha in the amount of $609,840, which represents the amount of money she earned from illegally harboring aliens.

6.  The parties stipulate that defendant Ha will satisfy the money judgment of $609,840, by paying the United States $609,840 in U.S. currency according to the following payment plan: (a) defendant Ha shall pay $120,000, prior to being sentenced and, in any event, no later than July 9, 2008; (b) defendant Ha shall pay $50,000, no later than October 9, 2008; (c) defendant Ha shall make payments of no less than $21,992, every quarter (i.e., every three months), starting with a quarterly payment of at least $21,992, no later than October 1, 2008,[1] and continuing every quarter thereafter until the money judgment is satisfied.  In the event defendant Ha fails to comply with any of the terms of this payment schedule, the United States reserves the right to forfeit defendant Ha's interest in any assets she has and to sell those assets in order to satisfy the entire money judgment, which assets specifically include her ownership interest in Kukje, Inc., including 400,000 shares of Kukje, Inc.

7.  Defendant Ha agrees that the terms of this stipulation and order shall be part of his

---

[1] The $50,000 payment set forth in ¶ 6(b) is not a quarterly payment; it is a separate obligation on defendant Ha; thus, in October, 2008, defendant Ha is obligated to make both the $50,000 payment (by October 9, 2008) and her first quarterly payment of at least $21,992 (not later than October 1, 2008).

STIPULATION AND ORDER RE: FORFEITURE
CR 08-0433 CRB                                      2

1 | conditions of probation.

2 |     8. All payments made in satisfaction of this money judgment shall be in the form of
3 | cashier's checks, made payable to the Department of Homeland Security, and delivered to the
4 | attention of Peter B. Axelrod, Assistant United States Attorney, United States Attorneys Office,
5 | 450 Golden Gate Avenue, San Francisco, California 94102, in accordance with the schedule set
6 | forth in paragraph 6.

7 |     10. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant and
8 | shall be made part of the sentence and included in the judgment.

9 |     11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary
10 | pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 7/9/08

PETER B. AXELROD
LAUREL BEELER
Assistant United States Attorneys

Dated: 7/9/08

PETER GOODMAN
Attorney for Defendant

I confirm that I read this entire stipulation and order with the assistance of an interpreter and in the presence of my attorney.

Dated: 7-9-08

IN SOOK HA
Defendant

INTERPRETER CERTIFICATION

I, _Ted Kim_, hereby certify that I am a certified _Korean_ [language] interpreter and that I accurately translated this stipulation and order to the defendant, she told me that he understood it, and I believe her answer was true and correct.

Dated: 7-9-08

Interpreter's signature

STIPULATION AND ORDER RE: FORFEITURE
CR 08-0433 CRB                  3

## ORDER

Based on the above stipulation and good cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. Pursuant to Federal Rule of Criminal Procedure 32.2(b) and Title 18, United States Code, Section 982(a)(6)(A), defendant Ha is hereby ordered to pay a forfeiture money judgment in the amount of $609,840.

2. Defendant Ha disclaims, waives and forfeits any interest in the funds recovered from Lee's Oriental Massage, 1284 Mission Street, San Francisco, California (Lee's), and she consents to entry of any orders to that effect.

3. Defendant Ha shall satisfy the money judgement of $609,840 by paying the United States $609,840 in U.S. currency according to the following payment plan: (a) defendant Ha shall pay $120,000, prior to being sentenced and, in any event, no later than July 9, 2008; (b) defendant Ha shall pay $50,000, no later than October 9, 2008; (c) defendant Ha shall make payments of no less than $21,992, every quarter (i.e., every three months), starting with a quarterly payment of at least $21,992, no later than October 1, 2008,[2] and continuing every quarter thereafter until the money judgment is satisfied. In the event defendant Ha fails to comply with any of the terms of this payment schedule, the United States reserves the right to forfeit defendant Ha's interest in any assets she has and to sell those assets in order to satisfy the entire money judgment, which assets specifically include her ownership interest in Kukje, Inc., including 400,000 shares of Kukje, Inc.

4. All payments made in satisfaction of this money judgment shall be in the form of cashier's checks, made payable to the Department of Homeland Security, and delivered to the attention of Peter B. Axelrod, Assistant United States Attorney, United States Attorneys Office, 450 Golden Gate Avenue, San Francisco, California 94102, in accordance with the schedule set

---

[2] The $50,000 payment set forth in ¶ 6(b) is not a quarterly payment; it is a separate obligation on defendant Ha; thus, in October, 2008, defendant Ha is obligated to make both the $50,000 payment (by October 9, 2008) and her first quarterly payment of at least $21,992 (not later than October 1, 2008).

1 | forth in paragraph 3 of this Order.

2 |     5. The terms of this stipulation and order shall be imposed as part of defendant Ha's
3 | conditions of probation.

4 |     6. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture is final as to the defendant and
5 | shall be made part of the sentence and included in the judgment.

6 |     7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary
7 | pursuant to Federal Rules of Criminal Procedure, Section 32.2(e).

8 |     IT IS SO ORDERED.

10 | Dated: July 09, 2008

11 |                                             CHARLES R. BREYER
12 |                                             United States District Judge